IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CRYSTAL WEBB                                                                                               PLAINTIFF

v.                                          CIVIL NO. 20-5159

KILOLO KIJAKAZI,[1]  Acting Commissioner
Social Security Administration                                                              DEFENDANT

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Crystal Webb, appealed the Commissioner's denial of benefits to this Court. On July 12, 2021, U.S. District Judge P.K. Holmes, III, adopted the Magistrate Judge's Report and Recommendation, remanding Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (ECF No. 21).

**1.      Background**

On October 8, 2021, Plaintiff filed a motion for an award of $5,940.50 in attorney's fees, costs and expenses under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 4.30 hours of legal work before the Court during 2020 at an hourly rate of $203.00, and 24.60 hours in 2021 at an hourly rate of $206.00. (ECF No. 22). Defendant responded on October 20, 2021, objecting to a portion of the hours claimed by Plaintiff. (ECF No. 23).

---

[1] Kilolo Kijakazi, has been appointed to serve as Acting Commissioner of Social Security, and is substituted as Defendant, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

1

2.  **Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial proceeding below was substantially justified."). An EAJA application must be made within thirty days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty-day time period for an appeal has expired. *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhard,* 535 U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)). The United States Supreme Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . . "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting

2

unreasonable government action. *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* U.S.C. § 2412(d)(2)(A). A court is authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id*. A court may determine that there has been an increase in the cost of living and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39,[2] which references the CPI- South Index, the Court has determined that an enhanced hourly rate based on a cost-of-living increase is appropriate.

### 3. Discussion

In the present action, Plaintiff's case was remanded to the Social Security Administration, (ECF No. 22), and Defendant concedes Plaintiff is the prevailing party. The Court finds that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Plaintiff requests a total award of fees in the amount of $5,940.50. This request includes 4.30 hours of legal work during 2020 at an hourly rate of $203.00, and 24.60 hours during 2021 at the rate of $206.00 per hour. These hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A)

---

[2] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2020 – 247.289 x 125 divided by 152.4 (March 1996 CPI – South) = $202.82/hour ~ $203.00
2021 – 250.693 x 125 divided by 152.4 (March 1996 CPI – South) = $205.62/hour ~ $206.00.

and *Johnson,* 919 F.2d at 504. Here, the Court finds the CPI-South Index authorized an hourly rate of $203 in 2020 and a rate of $206 for 2021.

While Defendant has no objection to the hourly rates claimed, it takes issue with the 21.30 attorney hours claimed by Plaintiff for the preparation of her appeal brief. Defendant argues that the time submitted is excessive as the administrative transcript totaled 687 pages, and that Plaintiff's appeal brief focused on a procedural issue which had been previously briefed on appeal at the administrative level in a post hearing memorandum dated March 5, 2020. In support of its objections, Defendant cites *Harderson v. Colvin*, 2016 WL 1021001 (W.D. Ark. March 14, 2016) ("the usual time claimed in cases involving issues that are not particularly complex or novel [ ] is fifteen (15) to twenty (20) hours.") (citations omitted). Like *Harderson*, Plaintiff's issues were neither particularly complex nor novel and the transcript is comparable in length. Plaintiff's counsel, who represented Plaintiff at the administrative level and raised similar issues in a memorandum to the Administrative Law Judge, is an experienced social security attorney - reviewing the 687 page transcript and preparing an appeal brief should not have taken more than 17.00 hours. Therefore, the Court will deduct 4.30 hours for time spent in preparation of the appeal brief.

Defendant also objects to Plaintiff's request for 2.70 hours for attorney work performed prior to drafting the complaint from July 2020 through August of 2020. Defendant objects to (a) telephonic communications between counsel and Plaintiff confirming representation, (b) the preparation and mailing of documents to Plaintiff, (c) telephonic communication to Plaintiff after documents were not returned, (d) Plaintiff's in-office appointment to sign documents that were lost, and (e) the commencement of case initiating documents. Defendant contends that these are pre-complaint work and therefore are non-recoverable. To the contrary, this Court finds the

telephonic communication to confirm representation in her federal case on July 31, 2020 (1.20 hours); and the preparation of case initiating documents on August 27, 2020 (0.50 hour) are compensable. The Court does agree with Defendant that certain itemized tasks on August 10, 2020 (0.10 hour); August 21, 2020 (0.10 hour); August 24, 2020[3] (0.10 hour); August 24, 2020 (0.20 hour); August 25, 2020 (0.20 hour); and August 25, 2020 (0.30 hour) should not be compensated at the approved attorney hourly rates. However, rather than eliminate them entirely, the Court finds these legal tasks properly entrusted to a paralegal and compensable at the rate of $75.00 per hour. Additionally, the Court finds that billing 0.40 hour on September 1, 2021, to receive, review, sign and file the reassignment form is excessive and should be reduced by 0.30 hour and the 0.10 hour to file the appeal brief and review the email on June 9, 2021, is a clerical and non-compensable task. *Missouri v. Jenkins,* 491 U.S. 274, 288 n. 10 (1989) ("[P]urely clerical or secretarial tasks should not be billed at [even] a paralegal rate regardless of who performs them."). The Court finds the remainder of the time expended over fifteen (15) months unchallenged and reasonable.

Based on the foregoing, the undersigned recommends that Plaintiff be awarded an attorney's fee award of $4,844.30 under the EAJA for 23.20 hours of legal work performed by her counsel during 2020-2021 at the respective rates of $203.00 (3.30 hours) and $206.00 (19.90 hours) along with $75.00, representing 1.00 hour of paralegal work at the rate of $75.00 per hour. **Plaintiff's award of fees should be paid in addition to, and not out of, any past due benefits which Plaintiff may be award in the future.** Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant but may be mailed to Plaintiff's counsel. The parties are reminded that the EAJA award herein will be taken into account

---

[3] The Court notes Plaintiff listed this date as August 24, 2021, but believes this to be a typographical error.

at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 26th day of October 2021.

/s/ *Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE