UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

CRYSTAL WEBB                                                                                              PLAINTIFF

v.                                                     No. 5:20-CV-05159

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                       DEFENDANT

## ORDER

The Court has received a report and recommendation (Doc. 24) from United States Magistrate Judge Christy Comstock. The Magistrate recommends the Court partially grant Plaintiff's motion (Doc. 22) for attorney's fees and costs, reducing the total amount requested. Plaintiff filed objections (Doc. 25), and the Court reviewed the report and recommendation *de novo* with respect to those objections. 28 U.S.C. § 636(b)(1)(C). The Court also reviewed Plaintiff's supplemental motion (Doc. 26) for attorney's fees, which requests fees for 6.0 hours spent reviewing and preparing objections to the Magistrate's report and recommendations (Doc. 24). The Magistrate's reasoning is sound, and Plaintiff's objections offer neither law nor fact requiring departure from the Magistrate's findings. The report and recommendations will be adopted it its entirety. Plaintiff's supplemental motion (Doc. 26) for attorney's fees will be denied.

Plaintiff objects to the Magistrate's reduction of Plaintiff's attorney's fees to omit 4.4-hours from the time Plaintiff spent working on her appeal brief, which reduced time billed from 21.3 hours to 17.0 hours. Plaintiff also objects to a 0.1 deduction for time spent filing Plaintiff's appeal brief. In reducing Plaintiff's claimed attorney's fees, the Magistrate noted that Plaintiff's appeal brief focused on a procedural issue which had been previously briefed on appeal at the administrative level, was based on a transcript which totaled 687 pages, and Plaintiff's issues were

neither particularly complex nor novel.  As for the 0.1-hour deduction, the Magistrate found that filing the appeal brief was a non-compensable clerical task.

Though a prevailing social security claimant may be entitled to fees under the Equal Access to Justice Act (EAJA), "[t]he Court can determine the reasonableness and accuracy of a fee request." *Harderson v. Colvin*, No. 14-2152, 2016 WL 1021001, at *1 (W.D. Ark. Mar. 14, 2016). The issues argued before the Magistrate were neither novel nor complex and had previously been partially briefed on administrative appeal.  Plaintiff's counsel is an experienced social security attorney and reviewing the 687-page transcript and preparing the appeal brief should not have taken her more than 17.0 hours.  Additionally, "[p]urely clerical activities, regardless of who performs them, are considered overhead and are not compensable as EAJA attorney fees.'" *Id.* (quoting *McCarty v. Astrue*, No. 11-CV-00022, 2012 WL 2571229, at *1 (E.D. Ark. July 2, 2012)). The 0.1 hours spent filing the appeal brief and reviewing the confirmation email are non-compensable clerical activities that require no legal expertise and can be done by support staff.

The Magistrate's report and recommendation (Doc. 24) is ADOPTED IN FULL.

IT IS THEREFORE ORDERED that Plaintiff's motion (Doc. 22) for attorney's fees is GRANTED IN PART.  Plaintiff is awarded an attorney's fee and costs of $4,844.30.

IT IS FURTHER ORDERED that Plaintiff's supplemental motion (Doc. 26) for attorney's fees is denied.

IT IS SO ORDERED this 22nd day of November, 2021.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
U.S. DISTRICT JUDGE